IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADIKA SHAIKH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5612 |
| | ) | |
| PHOENIX CLOSURES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

Phoenix Closures, Inc. ("Phoenix") has filed its Answer to the employment discrimination complaint brought against it by its ex-employee Adika Shaikh ("Shaikh"). Although at this threshold pleading stage this Court cannot of course evaluate the credibility of either (1) Phoenix's denial of a large number of Shaikh's allegations or (2) Phoenix's assertion of a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer when it does not believe that it can in good conscience either outright admit or outright deny an allegation as Rule 8(b)(1)(B) dictates, a problem with Phoenix's counsel's use of that disclaimer has triggered this memorandum order.

In each instance where Phoenix has asserted the Rule 8(b)(5) disclaimer in proper form (Answer ¶¶ 10, 19, 38 and 39), it follows that statement with "and, therefore, denies the allegations." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

_____
Milton I. Shadur
Senior United States District Judge

Date:  August 3, 2015